## BIXBY *vs.* WHITNEY.

In an arbitration bond it was stipulated that the award should be made before a certain day — " provided nevertheless, that in case either of the said parties shall, by affected delay or otherwise, prevent the arbitrators from making their award by the time limited, then the arbitrators shall be at liberty to proceed and make up their award, taking such time as they shall think reasonable." Before the day fixed the arbitrators met the parties, but at the request of the defendant adjourned to a time beyond it, when they again met the parties, gave them a hearing and made up their award. It was *held* that they had authority so to do, having been prevented by the defendant from making it before the day limited, within the meaning of the phrase, " by affected delay or otherwise."

*Held* further, that upon a just construction of the bond, the enlarged time extended to all the purposes for which the arbitrators were appointed, and not merely to the *making up and signing* of the award on a hearing had prior to the day first named.

DEBT on an arbitration bond, the condition of which was in the following words, *viz :*

" The condition of this obligation is such that if the above bounden *Joseph Whitney* shall well and truly stand to, abide, perform, &c. the award and determination of J. A.— J. M.— and D. L. or any two of them, arbitrators indifferently chosen as well on the part and behalf of the above bounden *Joseph Whitney* as of the above named *Mary Bixby*, to arbitrate, award, &c. of and concerning all manner of actions, causes of action and actions, suits, bills, bonds, specialties, judgments, executions, extents, accounts, debts, dues, sum and sums of money, quarrels, controversies, trespasses, damages and demands whatsoever both in law or equity, or otherwise howsoever, which at any time or times heretofore have had, been, made, moved, brought, commenced, sued, prosecuted, committed, omitted, done or suffered by or between the said parties, or the said *Joseph Whitney* and the said *John Bixby*," (the plaintiff's intestate) " or either of them, so as the said award be made in writing, under the hands and seals of the said arbitrators, or any two of them, and ready to be delivered to the said parties, *on or before the first day of January*, 1824. Provided nevertheless, and it is hereby agreed by and between the said parties, that in case either of the parties, shall, by affected delay or otherwise, prevent the said arbitrators or any two of

Bixby v. Whitney.

them, from making their award by the time abovementioned for making the same, than the said arbitrators or any two of them, they notifying the third shall be at liberty to proceed *ex parte* and make up their award in manner as above directed, taking such time for making up the same as they shall think reasonable ; which said award shall be as conclusive and effectual, both in law and equity, to bind the said parties or either of them, as if the same had been made on or before the said first day of *January.*" Signed and sealed by *Joseph Whitney.*

The defendant after oyer, pleaded the general issue, and filed a brief statement containing, among other matters of defence, the points hereafter stated.

The plaintiff proved an award made and published in her favor; that is to say, that the said *Whitney* should pay to her the sum of two hundred and eighty-two pounds fifteen shillings, *New Brunswick* currency, as a balance due from the said *Whitney* to the said *Mary Bixby* in her capacity of executrix ; — and also eight pounds ten shillings and eight pence, *costs of arbitration.* The award was dated *November* 19, 1824. The plaintiff also proved that the arbitrators met the parties *prior to Jan.* 1, 1824, and adjourned from time to time beyond that day, *at the request of the defendant;* and that they heard the parties and their evidence, and made up their award on the day of its date, the defendant not objecting to the lateness of the time, but tacitly assenting thereto. She also proved a demand on the defendant of payment of the sum awarded. And further, that the defendant made use of the award as stated in the case of *Bixby* v. *Whitney,* 5 *Greenl.* 192. The defendant hereupon objected that the plaintiff ought not to prevail, because the award did not conform to the submission ; and was made after the day assigned in the bond ; — that if the time was enlarged by agreement of parties, the action should have been on the agreement ; — that the award should have set forth the fact of such agreement, or the causes why it was made later than the day appointed in the bond ; — that it was not mutual, nor final ; — and that as to the costs, it was void. But *Weston J.* before whom the cause was tried, intending to reserve these questions for the consideration of the whole Court, directed the jury to return a verdict for the plaintiff for the sum

awarded and interest, exclusive of the sum awarded as costs of arbitration, which they accordingly did. If the award was valid and binding, judgment was to be rendered on the verdict. If not, the verdict was to be set aside and the plaintiff nonsuited.

*Bridges*, for the defendant.

1. The award is not binding because the parties were not heard prior to 1st Jan. 1824. No *hearing* was provided for *after that time* — the meetings after that, were to be for the purpose merely of making up the award. If a hearing was had afterward by consent, it was a submission by *parol*, and not under the bond; the action therefore, if any can be maintained, should have been on the parol agreement. *Freeman* v. *Adams*, 9 *Johns. Rep.* 115 ; *Brown* v. *Goodman*, 3 *T. Rep.* 592.

2. The award is not *mutual*. It does not require anything to be done by the plaintiff for the defendant's protection against her claims. *Kyd on Awards*, 198.

3. It is not *final*. It could not be pleaded by *Mary Bixby* in defence of a suit commenced against her by *Joseph Whitney*. The bond is to her in her private capacity — the award says nothing about her private claims though they were submitted.

*Allen*, for the plaintiff.

The bond expressly provides for the contingency of inability in the arbitrators to make a report before the 1st Jan. 1824. The exception is broad enough to embrace all cases of delay — the words of the bond being, "by affected delay or *otherwise*."

But whatever objections may have existed to this award have been waived by the defendant. He waived all objection by appearing before the arbitrators and having a trial after the 1st Jan. Also by taking the award and using it in the case of *Bixby* v. *Whitney*, reported in 5 *Greenl*. 192.

The reason why an action could not be sustained on the bond in the case cited from 9 *Johns. Rep.* was because there was no provision in it for an enlargement of the time by the arbitrators. And the same may be said of the case cited from 3 *T. Rep.*

There was in this case all the *mutuality* that the law requires. It was not necessary for the arbitrators to distinguish particularly the claims upon which the amount was finally made up. They

had only to ascertain which of the parties was indebted and how much, which they have done.

As to the waiver, he cited *Bellows* v. *Brown,* 4 *Pick.* 179; *Kyd on Awards,* 171, 173, 221.

That the award was final, *Buckland* v. *Conway,* 16 *Mass.* 397; *Peters* v. *Peirce,* 8 *Mass.* 398.

*Greenleaf,* in reply, said that the appearance of the defendant before the arbitrators being an act *en pais* could not aid the suit on the bond.

Then as to the use made of the award by the defendant in the case of *Bixby* v. *Whitney,* in 5 *Greenl.* it will be seen that the *award* was relied on, not the *bond.* The defendant does not now object to a suit on the *award* — he had rights there, which he cannot avail himself of in a suit on the bond.

The opinion of the Court was delivered by

WESTON J. — It appears that the arbitrators met the parties in season to have made their award by the day limited; and that they adjourned from time to time, beyond that day, at the request and for the accommodation of the defendant. It may be well said therefore, that he prevented the making of the award by the time appointed, by affected delay or otherwise, in which case it was expressly provided in the condition of the bond, that the arbitrators might take such further time, as they might think reasonable. It is insisted that this further time was for the purpose of making up the award, and not of hearing the parties. But we are satisfied that upon a just construction, the enlarged time extended to all the purposes, for which the arbitrators were appointed. There can be no good reason for giving the proviso a more restricted meaning. In the cases cited upon this point, by the counsel for the defendant, the arbitration bonds contained no such condition.

The arbitrators say that they have taken upon themselves the burthen of the award and that they have fully examined and duly considered the proofs and allegations of both the parties. We cannot intend that any thing was omitted, falling within the terms of the submission. The avowed object of the arbitration was, to put an end to the differences and disputes between the parties.

This is recited in the award, in which a balance is adjudged to the plaintiff. The benefit resulting to the defendant is, that upon payment of the sum awarded, he is discharged and protected from all further claims on the part of the plaintiff against him, in regard to the matters submitted. This is clearly to be implied and understood from the award.

In a case between these parties, 5 *Greenl.* 192, the defendant relied and insisted upon this same award, the validity of which he would now impeach. But in our opinion it follows the condition of the bond, and is binding and operative upon him, except in regard to the costs, which were not allowed at the trial.

*Judgment on the verdict.*